UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOYD PROPERTIES, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 07-2827 |
| BANKERS INSURANCE COMPANY | SECTION "N"  (2) |

## ORDER AND REASONS

Before the Court is the Motion to Lift Stay and to Compel Completion of the Appraisal Process (Rec. Doc. 8).

### I.  BACKGROUND

Plaintiff Boyd Properties, L.L.C. (hereinafter, "Boyd") sustained wind and flood damages to its building located at 40377 Highway 190 East in Slidell, Louisiana, as a result of Hurricane Katrina.  Defendant Bankers Insurance Company (hereinafter, "Bankers")  provided building and contents insurance coverage on the property.  The Bankers policy excluded coverage for flood damages.  The parties dispute how much damage was sustained due to a covered loss (wind) and how much damage was sustained due to a non-covered loss(flooding).  The Bankers policy included a provision entitling either party to request an appraisal of the loss through an appraisal process.

On March 28, 2007, Boyd filed suit against Bankers in St. Tammany Parish.  Bankers removed the case to this Court on May 9, 2007, alleging diversity jurisdiction.  (Rec. Doc. 1).  On July 17, 2007, the parties filed a joint motion to stay, claiming that they had agreed to invoke the

appraisal process. (Rec. Doc. 6)  On August 7, 2007, the Court granted that motion and stayed the matter for 90 days from the date of the Order to allow time for the parties to engage in the appraisal process.  On January 14, 2008, Bankers filed the instant motion to lift the stay and compel the completion of the appraisal process, which it set for hearing on January 30, 2008.

## II.  DISCUSSION

After the Court stayed this matter, the parties selected their appraisers[1], and the property was inspected by those appraisers on August 21, 2007.  After the inspection, Taormina drafted an estimate on the cost of repairing the damage to the structure caused by wind and wind driven rain, and Bankers made a supplemental payment in the amount of $8,814.06 based on that report.  Wendel reviewed Taormina's estimate, and allegedly advised Quick that he agreed with Taormina's estimate. (See Exhibit 2).  Boyd's counsel recognized this in his November 15, 2007 correspondence to Bankers' counsel; however, he explained that Boyd did not think Wendel had the expertise to dispute the conclusion of Bankers' engineer. (Exhibit 3 to motion).  Bankers asserts that Boyd has been dilatory in completing the appraisal process and now wants to start the process over and hire a different appraiser to inspect the property.

In opposition, Boyd complains that while it selected Wendel, a general contractor, to act as its appraiser, Bankers selected two appraisers: Taormina (an appraiser) and Quick (a licensed structural engineer). Boyd claims that the parties differed dramatically in their estimate of the damages; however, the difference was that Bankers had the benefit of a structural engineer, who together with its appraiser (Taormina), offered opinions as to the amount and extent of damages

---

[1] Bankers selected Frank Taormina ("Taormina"), an insurance adjuster, as its appraiser.  Bankers additionally hired Leonard Quick ("Quick"), a structural engineer, to assist Taormina.  Boyd selected Ricky Wendel ("Wendel"), a general contractor.

attributable to wind versus water. Boyd claims that the plain language of the appraisal provision requires the appraisers only to determine the value of the property and the amount of the loss. Boyd asserts that nothing in the appraisal provision triggers a review of either the cause of damages or whether such losses were covered under the policy.

The Court simply does not reach the merits of the arguments asserted herein. This case is no longer stayed, as it was stayed only for 90 days to allow the parties to participate in and complete the appraisal process, which was not successfully completed.

### III.  CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to Lift Stay (Rec. Doc. 8)** is **DENIED as MOOT**, as the stay terminated on November 5, 2007, 90 days after the Court entered its order; and the **Motion to Compel Completion of the Appraisal Process (Rec. Doc. 8)** is **DENIED.** The case will now be set for trial.

**IT IS FURTHER ORDERED** that the Court's Case Manager will hold a telephone scheduling conference on **Thursday, March 20, 2008 at 3:30 pm.** The Court will initiate the call.

New Orleans, Louisiana, this 15th day of February, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**